UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Claude McGee**
    **Plaintiff,**

vs.                                                                                        06-2213

**Roger E. Walker, et al.,**
    **Defendants.**

**MERIT REVIEW AND MEMORANDUM OPINION**

The plaintiff Claude McGee, currently incarcerated at the Pontiac Correctional Center (PCC) brings a lawsuit pursuant to 42 U. S. C. Section 1983 against Marge Haab, mailroom supervisor at PCC.

**Standard**

The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty*

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

*Company*, 644 F.2d 1204 (7th Cir. 1980).  They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990).  Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff.  *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

### Background and Allegations

On July 20, 2007, the court entered an order after reviewing the plaintiff's second amended complaint.  In that order the court stated the following:

> Prison officials may open a prisoner's legal mail in his presence, Wolff v. McDonnell, 418 U.S. 539, 577 (1974), but repeated instances of opening a prisoner's legal mail outside of his presence does state a claim. Antonelli v. Sheahan, 81 F.3d 1422, 1431-32 (7th Cir. 1996); Castillo v. Cook County Mail Room Dept., 990 F.2d 304, 306-07 (7th Cir. 1993). At first blush, the plaintiff's allegations meet this standard and he will accordingly be allowed to proceed on his claim that the defendant repeatedly opened and/or allowed the opening of his privileged legal mail outside of his presence.

However, the court has reconsidered the plaintiff's second amended complaint [25] and finds that the plaintiff has failed to state a claim upon which relief may be granted.  Prison officials may open a prisoner's legal mail in his presence, *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974), but repeated instances of opening a prisoner's legal mail outside of his presence does state a claim.  *Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996); *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 306-07 (7th Cir. 1993).  In his second amended complaint, the plaintiff alleges the defendant, Marge Haab allowed or opened his legal mail outside of his presence.  The plaintiff alleges that he received a letter from the Center for Constitutional Rights dated February 26, 2005, clearly marked "legal mail, open in the presence of prisoner."  Then more than a year later, he received a letter from his trial attorney, Leilan K. McNally, dated June 13, 2006, marked in the personal handwriting of attorney, "Legal Mail."  The plaintiff does not allege that the envelope indicated the words "open in the presence of prisoner."  The plaintiff also received mail from the June 15, 2006 mail from the Clerk of the Court, United States District Court, Southern District of Illinois at the same time that he received the McNally letter.  The mail from the Clerk of the Court was marked "SPECIAL MAIL - open only in the presence

2

of the inmate." These three pieces of mail were opened outside of the plaintiff's presence.

First, the court notes that "[P]rison employees can open official mail sent by a court clerk to an inmate without infringing on any privacy right." *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). That leaves two pieces of mail to consider. The court has reviewed the plaintiff's exhibits attached to his complaint which includes a copy of the envelope from McNally. The envelopes does not have the magic words "open in the presence of prisoner." However, even if the words were on the envelope, the plaintiff has alleged only named two instances where privileged mail was opened and those instances occurred 16 months apart, so this is not a case of repeated instances of opening prisoner's legal mail outside of his presence. In light of the number of privileged legal mail open outside of his presence, the plaintiff can only demonstrate a meager record which is not sufficient to state a claim of constitutional violation. The plaintiff has failed to state a claim upon which relief may be granted and therefore his lawsuit is dismissed.

**It is ordered:**

1. **Pursuant to 28 U.S.C. §1915A and Fed. R. Civ. Pro. R. 12(b)(6), the plaintiff's lawsuit is dismissed in its entirety.**
2. **Further, because the plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g).**
3. **The clerk of the court is directed to record the plaintiff's strike in the three strikes log, forthwith.**

**Enter this 13th   day of November 2007.**

                              s\Harold A. Baker
        _____
                           **Harold A. Baker**
                   **United States District Judge**